IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ERIC D. FREED, )
)
Plaintiff, )
)
) No. 11 C 2230
v. )
) Magistrate Judge Schenkier
LARSEN MARINE SERVICE, INC., a )
Delaware corporation, JEANNEAU )
AMERICA, INC., a Delaware corporation, )
and CHANTIERS JEANNEAU, a French )
corporation, )
)
Defendants. )

**MEMORANDUM OPINION AND ORDER**

In this lawsuit that invokes this Court's federal question and diversity jurisdiction, Plaintiff Eric Freed seeks a variety of remedies in connection with his 2009 purchase of a sailboat manufactured by Defendant Chantiers Jeanneau and sold to Freed by Defendant Larsen Marine Service, Inc. A number of his claims have survived summary judgment (doc. # 133, 137), and a jury trial on those claims is scheduled to begin in this Court on October 27, 2014.

The case now comes before the Court on Freed's motion, pursuant to 28 U.S.C. §§ 1651(a) and 2283, to enjoin the Circuit Court of Cook County, Illinois, in a case pending as 12 L 2234, from conducting an evidentiary hearing on a motion for a turnover order of the sailboat (doc. # 177). Freed's former legal counsel, Williams Montgomery & John ("WMJ"), filed the motion for a turnover order on June 26, 2014, in its efforts to satisfy a state court judgment obtained against Freed on February 12, 2014, in the amount of $141,356.69, representing unpaid legal fees that accrued during a three-month period when WMJ represented Freed in this lawsuit. Although Freed has appealed the state court judgment against him, he did not post an appeal

bond to effectuate a stay of the judgment against him pending the appeal, as he could have done pursuant to Illinois Supreme Court Rule 305. That failure paved the way for WMJ to now attempt to have the sailboat sold pursuant to the state court proceedings. An evidentiary hearing on WMJ's motion for a turnover order is scheduled to begin in state court on August 13, 2014.

The All Writs Act, 28 U.S.C. § 1651(a), gives federal courts the power to stay state court proceedings. However, this power is limited by the Anti-Injunction Act, 28 U.S.C. § 2283, which authorizes a federal court to use this power in only three circumstances: when the stay is expressly authorized by statute; when the stay is necessary in aid of the federal court's jurisdiction; or when the stay is necessary to effectuate the federal court's judgments. The close alignment between these two statutes means that where an injunction is justified pursuant to an exception to the Anti-Injunction Act, a federal court is typically empowered to grant the injunction under the All Writs Act. *Winkler v. Eli Lilly, & Co.*, 101 F.3d 1196, 1202-03 (7th Cir. 1996).

In his motion to enjoin the state court proceedings, Freed argues that a stay is justified pursuant to the second enumerated exception under the Anti-Injunction Act, because resolving WMJ's motion for a turnover order will require the state court to determine the ownership of the sailboat. Freed argues that a state court ruling on that question will undermine this Court's ability to resolve the ownership issue in this case, where Freed asserts a claim that he effectively revoked his purchase of the sailboat and thus does not own it (Pl.'s Mot. at 2). Freed further maintains that a decision in the state court proceeding would compromise this Court's ability to resolve his other claims concerning the purchase of the sailboat, would abrogate his right to a jury trial, and would deprive him of access to the sailboat as evidence during the trial (*Id.*). WMJ responds that the state court action should not be enjoined because the ability of this Court

2

to decide whether the sailboat was defective and whether Freed is entitled to damages is "wholly unaffected by whether the boat is now sold to satisfy Freed's obligations" (WMJ's Opp. at 3-4). WMJ further contends that a stay by this Court of the state court proceedings would violate the Anti-Injunction Act, 28 U.S.C. § 2283, which should be construed in favor of allowing the state court action to proceed (*Id.* at 6-7).

The Court heard argument on the motion during a proceeding on August 8, 2014, and again on August 11, 2014. The Court has considered the parties' written submissions and the arguments of the parties at the hearings. As the Court advised the parties at the close of the hearing on August 11, 2014, we conclude that while a stay of the state court proceedings falls within the powers of this Court, the extraordinary measure of enjoining a state court proceeding is not warranted by the facts of this case. This opinion explains the reasoning for our conclusion.

**I.**

There is no question that the second of the three exceptions—the "in aid of jurisdiction" exception—is the only one that could apply to the facts of this case. The Supreme Court has explained that the "in aid of jurisdiction" exception to the Anti-Injunction Act is applicable when "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 295 (1970); *see also Winkler*, 101 F.3d at 1202 (agreeing that the in aid of jurisdiction exception "should be construed 'to empower the federal court to enjoin a concurrent state proceeding that might render the exercise of the federal court's jurisdiction nugatory'") (citations omitted). The Supreme Court has further explained that the "in aid of jurisdiction" exception ordinarily "applies only to parallel state *in rem* rather than *in personam* actions," *Atlantic Coast*, 398 U.S.

3

at 295 (emphasis in original), and only where the federal court obtained jurisdiction over the *res* before the state court did. *Trs. of Carpenters' Health & Welfare Trust Fund of St. Louis v. Darr*, 694 F.3d 803, 811 (7th Cir. 2012). For the reasons that follow, we find that the "in aid of jurisdiction" exception is applicable here.

*First*, this Court has had jurisdiction over this matter since April 1, 2011, when Freed filed this suit and asserted his various claims – including his revocation claims. The suit by WMJ to collect on its claim for attorneys' fees was filed in early 2012, well after this federal court suit was filed. This distinguishes our case from the situation presented in *Darr*, in which the appeals court found that the "in aid of jurisdiction" exception did not apply because the state court case preceded the filing of the federal suit. 694 F.3d at 811.

*Second*, at the crux of both lawsuits is a *res* – the sailboat. There is no question that by virtue of the request for a turnover order, the state court has *in rem* jurisdiction over the sailboat. *See Blackhawk Heating & Plumbing Co., Inc. v. Geeslin*, 530 F.2d 154, 158 (7th Cir. 1976) (petition to turnover assets is an *in rem* action). However, we reject WMJ's contention that this Court lacks *in rem* jurisdiction over the sailboat as well. *In rem* jurisdiction refers to a court's "power to adjudicate the rights to a given piece of property, including the power to seize and hold it." BLACK'S LAW DICTIONARY 856 (7th ed. 1999). Freed's claims for revocation plainly ask the Court "to adjudicate the rights" to the sailboat: in those claims, he seeks a determination that he properly revoked the purchase and thus is not the owner of the sailboat. Thus, both this Court and the state court have *in rem* jurisdiction over the sailboat. *See, e.g., Bobak Sausage Co. v. Bobak Orland Park, Inc.*, No. 06 C 4747, 2008 WL 4814693, at *6 (N.D. Ill. Nov. 3, 2008) (enjoining a state court proceeding where the federal court had jurisdiction over a non-party's interest in a limited liability company—a specific *res*—that was the subject of

a citation to discover assets in state court). And, by virtue of this case being filed well before the motion for a turnover order (and well before the collection proceedings that led to that order), this Court obtained that *in rem* jurisdiction before the state court obtained it.

*Third*, a state court ruling regarding ownership of the sailboat might seriously impair, and even render nugatory, the ability of this Court to make that determination in this case. As WMJ states (WMJ Opp. at 3), the purpose of the state court hearing is to establish ownership of the boat. That is precisely the issue presented in this federal suit on Freed's revocation claims. Establishing ownership of the sailboat in the state court case would require Freed to present evidence on, and the state court to decide, the same factual questions that the jury in this federal case would have to decide on the revocation claim: that is, whether there were defects in the sailboat that substantially impaired its value; or, whether there were defects in the boat that Freed could not reasonably have discovered before the purchase; or, whether Freed was induced to purchase the sailboat based on assurances from the seller. *See, e.g.*, 810 ILCS 5/2-608 (revocation of acceptance in whole or in part under the Uniform Commercial Code); *Economy Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 721-22 (7th Cir. 2008) (discussing application of 810 ILCS 5/2-608). If the state court found that Freed did not revoke the purchase and thus owns the boat, in this federal case Larsen surely would assert that Freed is collaterally estopped from contending that he revoked ownership of the sailboat. *See Hukic v. Aurora Loan Services*, 588 F.3d 420, 431 (7th Cir. 2009) (collateral estoppel bars relitigation of issues determined in prior court actions, where the issues sought to be relitigated are identical to those already adjudicated). If that assertion proved meritorious, this Court's jurisdiction to decide the ownership of the boat would indeed be rendered "nugatory" – that is, having "no force or effect; useless; invalid." BLACK'S LAW DICTIONARY 1093 (7th ed. 1999).

5

WMJ argues that the fact that the state court determination may have a collateral estoppel effect in this federal case is insufficient to invoke the "in aid of jurisdiction" exception, relying on the Supreme Court's decision in *Vendo Co. v. Lektro-Vend. Corp.*, 433 U.S. 623 (1977) (WMJ Opp. at 7 n.2). We disagree with the weight WMJ seeks to place on *Vendo*. In that case, the Court explained that the "in aid of jurisdiction" exception evolved from an historical exception to the Anti-Injunction Act and had to be premised on a specific fact pattern: an initial federal court action with jurisdiction over a *res*, and a subsequent state court action. 433 U.S. at 641-42. This fact pattern was not met in *Vendo* because the state court action did not implicate a *res*; rather, both the state court and federal court cases were premised on *in personam* jurisdiction and therefore could "proceed concurrently, without interference from either court." *Id.* at 642. So, while WMJ is correct that the *Vendo* court found preclusive consequences to be a readily acceptable outcome of concurrent state and federal proceedings, that finding applies only to cases involving *in personam* jurisdiction. *Id.* In this case, by contrast, both this Court and the state court have *in rem* jurisdiction over the sailboat; and, the collateral estoppel effect of a state court decision that Freed owns the boat might render our jurisdiction to decide the ownership of the sailboat (a *res*) nugatory. As a result, we conclude that the requirements necessary to trigger our authority under the "in aid of jurisdiction" exception have been met.

## II.

The parties raise various other arguments, which we do not find material to our determination but which we touch upon in the interest of completeness.

WMJ argues that an injunction against the state court proceeding is not needed, because whether or not that proceeding results in a turnover order with respect to the sailboat, Freed "can obtain complete relief in this [federal] lawsuit if he proves his claims" (WMJ Opp. at 7). We are

6

not certain that this is so. If there is a state court determination that Freed owns the boat, application of collateral estoppel may doom his claim in this case for revocation. Even if the state court ruling were to have no impact on his other contract, warranty and fraud claims, it is by no means certain that Freed's recovery on those claims would be the same (or more) than if he were allowed to pursue his revocation claims in federal court and succeeded in obtaining as damages a refund of the purchase price (which we have been told was approximately $350,000.00). While the specter of this kind of prejudice to Freed resulting from a state court determination is not alone sufficient to trigger this Court's authority under the exception to the Anti-Injunction Act, it nonetheless undermines WMJ's argument that Free could suffer no prejudice if the state court action goes forward.

We find without merit Freed's assertion that the state court proceeding should be stayed so that the sailboat remains available "during pre-trial preparation and at trial" (Pl.'s Mot. at 9). That type of consideration, without more, is insufficient to trigger this Court's authority under the "in aid of jurisdiction" exception. Moreover, the suggestion that the sailboat is necessary for the conduct of the trial is makeweight. During the more than three years that this case has been pending, all parties – including Freed -- have had ample opportunity through discovery to examine, document and photograph the condition of the sailboat. The sailboat will not be brought to the courthouse for viewing, and the Court assures the parties that it will not authorize a trip by the jurors to the facility to view the sailboat. The presence of the sailboat is not necessary to the conduct of a fair trial in this federal case.

Finally, we find equally unavailing both Freed's criticism of WMJ for asserting that Freed owns the sailboat when, while representing Freed in case, WMJ championed the revocation claims which argue that he does not own the sailboat (Pl.'s Mot. at 2), and WMJ's

7

criticism of Freed for resisting a state court proceeding to determine ownership of the sailboat when in this federal suit his revocation assertions disclaim any ownership (WMJ Opp. at 4). Each argument disregards the fact that Freed's federal complaint pleads in the alternative (as he is allowed to do) revocation claims asserting that he does not own the sailboat and other claims premised on his ownership of the boat. The mere use of alternative pleading is not relevant to the question presented by this motion.

### III.

For the reasons we have set forth, we find that under the "in aid of jurisdiction" exception to the Anti-Injunction Act, this Court has the authority to order a stay of the pending state court proceedings for the turnover of the sailboat whose ownership is to be determined in this federal trial that begins on October 27, 2014. That said, "the fact that an injunction *may* issue under the Anti–Injunction Act does not mean that it *must* issue." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 151 (1988) (emphasis in original); *see also Zurich Am. Ins. Co. v. Superior Court for the State of California*, 326 F.3d 816, 824 (7th Cir. 2003). Rather, the decision whether to exercise that authority is committed to the sound discretion of the district court. *Blalock Eddy Ranch v. MCI Telecomm. Corp.*, 982 F.2d 371, 375 (9th Cir. 1992); *Roberts v. Heim*, 81 F.3d 169, 1996 WL 1411665, at *4 (9th Cir. Mar. 28, 1996) (unpublished opinion) (district court has discretion to refuse to issue an injunction despite power to do so under Anti-Injunction Act). In exercising that discretion, we consider whether the situation presented by Freed is "worthy of the type of extraordinary relief" he seeks here. *Winkler*, 101 F.3d at 1203-04 (explaining that "power alone is insufficient to sustain entry of any injunction," despite the authority to do so); *see also Fed. Sav. and Loan Ins. Corp. v. PSL Realty Co.*, 630 F.2d 515, 522 (7th Cir. 1980)

(noting that "the circumstances precipitating the injunction must also be appropriate for injunctive relief").

We are troubled by the fact that Freed would have had no need to ask for the extraordinary relief that he seeks in his motion had he taken the very ordinary step of posting a bond in the state court proceeding. Posting a bond would have stayed any efforts by WMJ to enforce its judgment pending the state court appeal. During both hearings on August 8 and August 11, the Court asked Freed's counsel why Freed had failed to post a bond, and we received no explanation whatsoever – much less a good one.

This is not a situation where WMJ's state court action smacks of forum shopping. *Compare Williams v. Balcor Pension Investors*, No. 90 C 726, 1990 WL 160084, at *4 (N.D. Ill. Oct. 17, 1990) (finding that the in aid of jurisdiction exception did not apply, but expressing concern over the tactics of the counsel who were pressing the state court proceeding). WMJ had a fee dispute with its former client, Freed; filed its collection action in state court, as it had the right to do; and obtained a judgment in February 2014. When Freed failed to pay that judgment or post a bond to stay its enforcement, WMJ took the entirely permissible step of looking for assets sufficient to satisfy the judgment. If Freed in fact owns the sailboat, that asset would likely be more than adequate to do so. We see no sound reason to use our authority under the "in aid of jurisdiction" exception to the Anti-Injunction Act to help Freed avoid a consequence that is of his own making.

We regret that the state court judge is being asked to spend the time hearing evidence on and deciding an ownership issue that already is set for a jury trial in this Court in a few months. But, Freed had (and still has) the ability to avoid that unnecessary expenditure of time and resources by posting a bond. We conclude that while the Court has the authority to stay the state

court turnover proceedings set to commence on August 13, 2014, we also conclude that Freed's motion does not present circumstances that are "worthy of th[at] type of extraordinary relief." *Winkler*, 101 F.3d at 1203-04.[1]

## CONCLUSION

For the foregoing reasons, we deny Freed's motion to enjoin the state court proceedings (doc. # 177).

ENTER:

SIDNEY I. SCHENKIER
**United States Magistrate Judge**

**DATE: August 12, 2014**

---

[1] Freed complains that denying a stay could deprive him of a jury trial on his revocation claims, because a state court finding that he owns the boat may be given collateral estoppel effect in the federal case. Again, if that is the outcome, it will be the result of Freed's own failure to take the simple step wholly within his power of posting a bond and thus staying any enforcement action in the state court. We do not consider the possibility of this kind of self-inflicted wound to warrant the extraordinary relief of a federal court ordering a state court to stay its hand.