IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC O. FREED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 11 C 2230 |
| v. | ) |
| | ) Magistrate Judge Sidney I. Schenkier |
| LARSEN MARINE SERVICE, INC., | ) |
| *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This suit involves claims by plaintiff seeking a variety of remedies in connection with his purchase of a sailboat manufactured by Defendant Chantiers Jenneau and sold to plaintiff by Defendant Larsen Marine Service, Inc. Discovery in this case closed in the summer of 2012. Summary motion practice followed, and on May 15, 2013, the district judge ruled on the summary judgment motions (doc. # 133). The district judge clarified certain aspects of the ruling on May 23, 2013 (doc. # 137), leaving a number of plaintiff's claims for trial that was set to begin on December 2, 2013. On June 20, 2013, at defendants' request, that trial date was continued to January 21, 2014 (doc. # 140).

The June 20th request was the first, but not the last, resetting of the trial date. On September 20, 2013, the parties jointly moved to continue the trial date (doc. # 146). That motion was granted on October 22, 2013 (doc. # 151), and thereafter, on December 18, 2014, the district judge set the case for trial to commence on March 10, 2014 (doc. # 155). Larsen promptly moved to continue that trial date (doc. # 156), a motion that the district judge initially denied (doc. # 158) but, on reconsideration, granted and reset the trial date to April 7, 2014 (doc. # 162). After the case was then reassigned to this Court on consent (doc. # 163), on January 16,

1

2014, the Court reset the trial date to July 14, 2014 (doc. # 165). At the parties' request, on February 18, 2014, the Court again reset the trial date, this time to October 27, 2014 (doc. # 167) – a date that will not be reset. The final pretrial order is due September 8, 2014 (doc. # 172).

It is against this backdrop that we consider Larsen's motion for leave to file a counterclaim (doc. # 173). Larsen seeks to add a counterclaim alleging breach of contract and (alternatively) unjust enrichment resulting from plaintiff's alleged failure to pay Larsen charges for storage and repairs, and for preparing, commissioning and launching of the sailboat. Plaintiff argues that the motion should be denied because it is untimely, it is futile, and if filed would cause plaintiff to suffer prejudice. The motion is now fully briefed, and for the reasons set forth below, we deny the motion.

I.

Under Fed. R. Civ. P. 15(a)(2), a court should "freely give leave" to amend "when justice so requires." That said, "a district court may deny leave for a variety of reasons, including undue delay and futility." *McCoy v. Iberdola Renewables, Inc.*, No. 13-3350, ___ F.3d ___, 2014 WL 3703945, *7 (7th Cir. July 28, 2014). Plaintiff's categorical assertion that delay alone never can be a sufficient basis to deny a motion to amend pleadings (doc. # 185: Larsen's Reply at 2) is contrary to Seventh Circuit case law. In *McCoy*, the Seventh Circuit affirmed – on the sole ground of undue delay – a district court's denial of a motion by appellant Outland to amend certain counterclaims. In that case, the appeals court explained that the district court's decision to deny the motion was not an abuse of discretion where Outland had been a party to the litigation for twenty months, its original counterclaims had been dismissed six months earlier, and Outland was seeking to add claims that it should have known about when it asserted the original counterclaims. *Id.* at *10-11; *see also Aleshire v. Harris, N.A.*, No. 12-1735, ___ Fed.

2

Appx. ___, 2013 WL 5615060 (7th Cir. Oct. 15, 2013) (leave to file a third amended complaint denied where plaintiff knew the facts underlying the proposed new claims more than two years earlier when she filed the original complaint). As the Seventh Circuit has observed, "the longer the delay, the greater the presumption against granting leave to amend." *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 838 F.2d 904, 909 (7th Cir. 1988).

Here, Larsen's extraordinary delay in seeking leave to add the counterclaim leads us to deny the request. The proposed counterclaim alleges storage and launching of the boat as early as 2009. This lawsuit was filed on April 1, 2011, and Larsen answered the complaint on May 20, 2011, denying liability and asserting 21 affirmative defenses (doc. # 6). Larsen did not at that time assert the counterclaim it now seeks to add, despite – as was true in *McCoy* and *Aleshire* – knowing the alleged facts upon which it is based. And, at no time during discovery or prior to the summary judgment briefing did Larsen seek to add that claim.

The only explanation that Larsen offers for waiting more than three years to seek to add a counterclaim it knew about from the beginning is that "it recently became clear that the parties will be unable to settle this matter and a trial will be necessary to resolve this dispute" (Larsen's Reply at 2). We do not know what settlement efforts the parties have made, although we do know that when on multiple prior occasions the parties sought extensions of trial dates, they never represented that this was so they could engage in meaningful settlement discussions. In any event, the idea that a party will refrain from filing a counterclaim for more than three years because it is unclear whether a case will settle strikes us as far-fetched. It certainly is not a good excuse for delaying the filing of the counterclaim until after the completion of discovery, rulings on summary judgment, and the setting (and resetting) of multiple trial dates in the case.

3

The parties spar about whether allowing the counterclaim to be added would cause the plaintiff to suffer prejudice. According to the plaintiff, allowing the motion would require the Court to reopen discovery and thus postpone yet again the trial date (doc. # 175: Pl.'s Resp. at 5); Larsen says no further discovery would be needed (Larsen Reply at 2). Larsen's rather bare-bones proposed pleading makes it unclear what discovery (if any) would be appropriate. It also is unclear whether the matters asserted in the counterclaim could have been resolved on summary judgment (as was the case with certain of the plaintiff's claims), without the need for trial, had Larsen timely filed it. But, we need not delve further into the question of prejudice in order to decide the motion. "[W]hen extreme, 'delay itself may be considered prejudicial.'" *Tamari*, 838 F.2d at 909 (internal citations omitted). Larsen's extreme and unwarranted delay in pressing the counterclaim is sufficient reason for this Court to deny the motion.

Finally, Larsen says it would suffer prejudice from a denial of the motion, because it then would have to file a separate lawsuit to litigate its claim (Larsen Reply at 2). If that qualifies as prejudice, it is a prejudice that results from Larsen's own undue delay and thus is not a consideration that persuades us to allow the counterclaim at this late date.

## CONCLUSION

For the foregoing reasons, Larsen's motion for leave to file counterclaim (doc. # 173) is denied.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

DATE: August 13, 2014

4